**EXHIBIT A**

**TO**

**NOTICE OF REMOVAL TO FEDERAL COURT**

**Exhibit A**

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
05/30/2019 at 10:16:29 PM
Clerk of the Superior Court
By Christin Dawson, Deputy Clerk

Arash N. Alizadeh, SBN 302290
**ALIZADEH EMPLOYEES LAW, PROF. CORP.**
7545 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (949) 606-2845
Facsimile: (949) 264-9345
Email: aalizadeh@lawyerforemployees.com

Attorneys for Plaintiff
ROBERT KELLER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| ROBERT KELLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAGE SOFTWARE, INC.; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | CASE NO.　30-2019-01073101-CU-WT-CJC<br>Judge John C. Gastelum<br><br>**COMPLAINT FOR:**<br>1. **Failure to Prevent Discrimination (FEHA)**<br>2. **Wrongful Termination In Violation Of Public Policy**<br>3. **Age Discrimination (FEHA)** |

COMPLAINT

Plaintiff ROBERT KELLER, an individual, alleges for his Complaint against Defendant SAGE SOFTWARE, INC., a corporation and DOES 1 through 20, inclusive; as follows:

## PARTIES AND JURISDICTION

1. Plaintiff ROBERT KELLER ("Keller" or "Plaintiff") is and at all times relevant to this Complaint was an individual with a place of residence in the County of Orange, California.

2. Defendant SAGE SOFTWARE, INC., ("Sage" or "Defendant" or "Company") is and at all times relevant to this Complaint was a corporation with its principal place of business located in the County of Orange. Sage is a multinational enterprise software company with over 1000 employees.

3. Plaintiff is informed and believes that Defendants DOES 1 through 20 are individually and/or jointly liable to his for the wrongs alleged herein. The true names and capacities of Defendants DOES 1 through 20, whether individual, corporate, or otherwise, are unknown to Plaintiff at this time. Accordingly, Plaintiff sues Defendants DOES 1 through 20 by fictitious names and will amend this Complaint to show their true names and capacities after they are ascertained.

4. Plaintiff is informed and believes that each Defendant conspired with, aided and abetted, ratified the conduct of, knowingly acquiesced in, acted with the consent and permission of, and accepted the benefits of each other Defendant with respect to the matters alleged herein.

5. Plaintiff is informed and believes that, except as otherwise alleged herein, each Defendant is, and at all times relevant to this Complaint was, the agent, joint-employer, partner, joint venturer, alter ego, affiliate, and/or co-conspirator with or of each of the other Defendants, and/or otherwise acted on the behalf of each other Defendant.

6. At all times alleged herein, Defendant employed more than 5 persons and qualified as an 'employer' under California Fair Employment and Housing Act (FEHA), Government Code sections 12900 et seq.

7. The jurisdiction of this Court is proper for the relief sought herein, and the amount demanded by Plaintiff exceeds $25,000.

## FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

8. Plaintiff worked for Defendants from February 2008 until July 14, 2017, when Plaintiff was wrongfully terminated. Plaintiff was hired to provide field software support in the State of California. During his time with Defendants, Plaintiff performed his job in a satisfactory manner. At the time of his termination, Plaintiff was 62 years old.

9. In November 2014, Mr. Stephen Kelly became the new CEO for Sage. He has a track record for doing whatever it takes to achieve company goals- if Sages projections fall short, he will take action to reduce expenses. Pressure was felt at all levels of management.

10. Under Kelly's leadership, numerous corporate announcements were made for the hiring and reassignment of mid to upper level management, including the people Plaintiff's manager reported to.

11. In 2016/2017- during the 2nd half of these fiscal years, corporate announcements declared revenue projection shortfalls and stated employees would have to work harder to make up for the shortfall. A company layoff occurred which impacted the Irvine campus, customer service was not affected.

12. In 2016/2017 – During staff meetings, Customer Service (CS) management verbally expressed the following:

    (a) A frustration that requests to backfill CS headcount fell on deaf ears. CS product teams shrank by 25%-75% with little relief while the workload to support the customer base remained nearly the same- this put pressure on the remaining team members.

    (b) From an employee performance review standpoint, they were told that what used to rate as Exceeds Expectation is now expected as Meets Expectations

13. In Fall/Winter 2016 – A corporate announcement was made that the Irvine campus was going to move to a smaller facility sometime in 2017.

14. In June 15, 2017 – Plaintiff received his FY2017 mid-year review, at which time he received a Needs Improvement score and placed on a 60-day Performance Improvement Plan. This was the first time since 2008 that Plaintiff received such negative review.

15. In July 2017 – An office move was announced to take place on August 1, 2017. The office move was an action to reduce expenses. CS was getting 28 seats in the new building, 4 of them for management. CS headcount was around 35-40, some accepted the opportunity to work remotely. Company needed to reduce headcount/costs.

16. In July 12, 2017 – Plaintiff sent email to his manager about achieving & exceeding the Lead generation goal within the 1st 30 days of his 60 day PIP. No response from manager.

17. In July 14, 2017 – Plaintiff received his notice of termination, without allowing him to complete his 60 day PIP. In fact, it appears the decision to terminate Plaintiff was made before putting him on PIP because Plaintiff has a 3-week vacation scheduled to take place on July 17, 2017, right in the middle of the 60-day PIP, which would essentially cut short Plaintiff's ability to meet the PIP goals. Plaintiff was terminated with two other CS analysts and they did not receive severance pay as was the company practice. At the time, Plaintiff was one of the highest paid CS representatives. The company did not give reasons for termination initially, but once Plaintiff pressed them, company stated the decision was performance based. The three terminated employees were among the eldest team members, and Plaintiff may have been the oldest at age 62.

18. In September 2017 – the Company posted an opening for entry level, Associate CS Analyst, for the Irvine campus. Plaintiff inquired about this position but was not hired. A person younger than Plaintiff was hired at a lower rate of pay.

19. To date, Plaintiff has been unable to secure employment in his field despite applying to over 100 positions.

20. On July 8, 2018, Plaintiff submitted an intake form to the Department of Fair Employment and Housing seeking an investigation of the allegations set forth in this complaint.

21. On September 9, 2018, after an interview with Plaintiff and follow up communications with Plaintiff's counsel, the DFEH filed a complaint of discrimination.

22. On May 23, 2019, after an unsuccessful mediation through the DFEH, Plaintiff obtained a Right To Sue letter for the claims set forth herein.

## FIRST CAUSE OF ACTION

### Failure to Prevent Discrimination (FEHA)

23. The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

24. By terminating Plaintiff as described above, Defendant discriminated against Plaintiff on the basis of his age.

25. Defendant failed to take all reasonable steps necessary to prevent discrimination and harassment of Plaintiff from occurring, as alleged above. Specifically, and among other things, the Defendants failed to: adequately train supervisors as to handling and identifying unlawful harassment or discrimination;; and educate employees about what constitutes unlawful harassment or discrimination.

26. As a direct and proximate result of the Defendant's failure to take all reasonable steps necessary to prevent discrimination and harassment, as alleged above, Plaintiff has been harmed in that he has suffered physical and emotional injury, consequential and incidental losses, including but not limited to loss of income and benefits.

27. As a further proximate result of Defendant's despicable discriminatory actions, as alleged above, Plaintiff has suffered general and compensatory damages in that Plaintiff has foreseeably suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in mind and body in an amount according to proof.

28. Defendant's above-referenced despicable actions were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount necessary to punish defendants and deter such conduct in the future.

29. As a further and proximate result of Defendant's despicable discriminatory actions, as alleged above, Plaintiff is entitled to reasonable costs and attorneys' fees pursuant to the Fair Employment and Housing Act, California Government Code § 12900, et seq.

## SECOND CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

30. The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

31. Defendant's termination of plaintiff's employment as detailed above violates the fundamental public policies of the State of California including, but not limited to, the policy prohibiting an employer from discriminating against an employee because of such employee's age, as set forth in Government Code § 12920.

32. As a direct and proximate result of the Defendants actions/inactions, Plaintiff has been harmed in that he has suffered physical and emotional injury, consequential and incidental losses, including but not limited to loss of income and benefits.

33. As a further proximate result of the Defendant's actions/inactions, as alleged above, Plaintiff has suffered general and compensatory damages in that Plaintiff has foreseeably suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in mind and body in an amount according to proof.

34. Defendant's above-referenced despicable actions were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount necessary to punish Defendant and deter such conduct in the future.

## THIRD CAUSE OF ACTION

### Age Discrimination in Violation of FEHA

35. The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

36. Plaintiff alleges that he was terminated due to his age, over forty (40), at the time of his termination.

37. Plaintiff was over the age of forty at the time of his employment, discipline and termination at Defendant, and is in a group protected by the California Fair Employment and Housing Act [California Government Code §12900, et seq.] based on his age.

38.  Defendant is strictly liable for the unlawful and discriminatory conduct pursuant to California Government Code §12900, et seq., and §§12940 and 12941, in particular.

39.  Plaintiff is further informed and believes and thereon alleges that after his termination from Defendant, his position was filled by a much younger and lower paid employee.

40.  Defendant's discipline of Plaintiff and refusal to continue Plaintiff's employment with Defendant constitutes disparate treatment in that it was based on the fact that Plaintiff is an individual over the age of forty as alleged hereinabove.

41.  Defendant's policy, practice, routine and pervasive discrimination against Plaintiff and employees over the age of forty causes individuals who are similarly situated as Plaintiff to be demonstrably disadvantaged by depriving said individuals from continuing gainful employment with Defendant, despite superior qualifications and job performance. Furthermore, Defendant's policy and practice is not justified by any business necessity.

42.  Defendant's discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of Plaintiff's age, in violation of Government Code §12900, et seq., and in particular §§12940 and 12941.

43.  As a direct and proximate result of Defendants, and each of their, unlawful conduct and discrimination, Plaintiff has suffered damages including but not limited to loss of wages, salary, benefits, and additional amounts of money that Plaintiff would have received if she had been retained as an employee with Defendant.

44.  As a further direct and proximate result of Defendants, and each of their, unlawful conduct, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in a sum according to proof.

45.  Defendants, and each of them, have acted despicably with a willful and conscious disregard of the rights of Plaintiff, in their own interests, subjecting Plaintiff to unjust hardship and suffering. Therefore, in addition to compensatory damages, Plaintiff is entitled to recover punitive and exemplary damages from Defendant in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. For general and special compensatory damages in an amount not less than $200,000.
2. For punitive damages in an amount sufficient to punish and make an example of Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;
3. For restitution in an amount subject to proof at trial
4. For disgorgement of profits gained as a result of Defendant's unlawful failure to pay wages and other compensation earned and other unlawful and unfair business practices;
5. For attorney's fees under Code of Civil Procedure section 1021.5; and FEHA
6. For pre- and post-judgment interest;
7. General, special and punitive damages;
8. For declaratory relief;
9. For costs of suit and attorney fees; and
10. For such further relief as the Court may deem appropriate.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: May 30, 2019   **ALIZADEH EMPLOYEES LAW, PROF. CORP.**

*Arash Alizadeh*

ARASH N. ALIZADEH, attorney for plaintiff